IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA BOWLES, :
    Plaintiff, :
v. : Case No. 3:12-cv-145
NOVARTIS PHARMACEUTICALS : JUDGE WALTER H. RICE
CORP.,
    Defendant :

---

SHIRLEY SHEFFER, *et al.*, :
    Plaintiffs, :
v. : Case No. 3:12-cv-238
NOVARTIS PHARMACEUTICALS : JUDGE WALTER H. RICE
CORP.,
    Defendant :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTIONS TO CONSOLIDATE CASES FOR TRIAL (DOC. #21 IN CASE NO. 3:12-cv-145, and DOC. #22 IN CASE NO. 3:12-cv-238)

---

The above-captioned cases have been remanded for trial by the United States Judicial Panel on Multidistrict Litigation. *See In re Aredia® and Zometa® Products Liability Litigation*, No. 3:06-MD-1760 (M.D. Tenn.).[1] The plaintiffs in these two cases are cancer patients who developed osteonecrosis of the jaw ("ONJ") after receiving infusions of Defendant's biophosphonate drugs.

---

[1] Over 650 similar cases have been filed nationwide.

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs have moved to consolidate these two cases for trial. Doc. #21 in Case No. 3:12-cv-145, Doc. #22 in Case No. 3:12-cv-238.  Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Plaintiffs argue that because each trial is likely to last 10-12 days and will involve nearly identical testimony from expert witnesses and from Defendant's employees, a great deal of time and money would be saved by consolidating the actions for trial.  Plaintiffs further argue that because nearly identical motions on numerous evidentiary issues are likely to be filed in each case, judicial economy would best be served by consolidating the cases.

Defendant opposes Plaintiffs' motion.  It argues that even though the applicable law is the same and many of the witnesses overlap, there are critical factual differences that render the two cases unfit for consolidation.  Defendant maintains that product liability actions are rarely appropriate for consolidation, because they involve such highly individualized issues of fact, causation and damages.  Citing *Cantrell v. GAF Corporation*, 999 F.2d 1007, 1011 (6th Cir. 1993), Defendant further argues that although "conservation of judicial resources is a laudable goal," the benefits of consolidation must be weighed against the risks of prejudice and possible confusion.

The Court agrees that, in this case, the risks of prejudice and juror confusion are high. A central issue in each case is whether, in light of what Defendant knew at the time, the warning given was adequate and, if not, whether the inadequate warning caused the injury. As Defendant notes, Mrs. Bowles and Mrs. Sheffer were being treated by different doctors for different types of cancer and had different risk factors for developing ONJ. Perhaps the most important difference, however, is that Mrs. Bowles was prescribed Aredia® in 1997, years before any links between Aredia®/Zometa® and ONJ were documented in medical journals and years before Novartis included *any* warnings about ONJ on the drug labels. In contrast, Mrs. Sheffer was prescribed Zometa® in 2005, after the links between the drugs and ONJ were well-known and after warnings were included on the drug labels. Therefore, as Defendant points out, with respect to the questions of what it knew and whether the warnings given were adequate, "much of the corporate evidence admissible in one case would be irrelevant and prejudicial in the other." Doc. #24 at 2.

Having fully considered the parties' position, the Court finds that the risks of prejudice and juror confusion substantially outweigh the benefits of consolidating these two cases for trial. Although there are many overlapping witnesses and some common issues of law and fact, individualized questions predominate. *See Dopson-Trout v. Novartis Pharm. Corp.*, No. 8:06-cv-1708-T-24-EAJ (M.D. Fla. Oct. 15, 2012) (denying motion to consolidate Aredia® and Zometa® cases that

3

were remanded for trial); *Guenther v. Novartis Pharm. Corp.*, No. 6:08-cv-456-Orl-31DAB (M.D. Fla. Oct. 29, 2012) (same).

The Court therefore OVERRULES Plaintiffs' Motions to Consolidate Cases for Trial (Doc. #21 in Case No. 3:12-cv-145 and Doc. #22 in Case No. 3:12-cv-238). It may, however, either upon its own motion or at the suggestion of counsel, choose to consolidate the cases for the limited purpose of resolving certain evidentiary issues, particularly those related to the admissibility of expert witness testimony.

Date: February 25, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE